# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

NO. 03-25-00500-CV
NO. 03-25-00581-CV

---

**Donika Pentcheva Pentcheva, Appellant**

**v.**

**Christopher J. Mundt, Appellee[1]**

---

**FROM THE 425TH JUDICIAL DISTRICT COURT OF WILLIAMSON COUNTY,
NO. 24-2089-C425, NO. 21-025-A425
THE HONORABLE MARC HOLDER, JUDGE PRESIDING**

---

# MEMORANDUM OPINION

**PER CURIAM**

Although the above-referenced docket numbers arise from different trial-court cause numbers, both arise from appellant Donika Pentcheva Pentcheva's challenges to the trial court's August 1, 2022 "Order Granting Termination" issued in Cause No. 21-025-A425. In Cause No. 24-2089-C425, Pentcheva filed an original petition for bill of review in September 2024. In Cause No. 21-025-A425, the original termination case, Pentcheva filed a combined motion for new trial and to reconsider granting termination in April 2025.

---

[1] The Court has restyled the case as *Donika Pentcheva Pentcheva v. Christopher J. Mundt*, to reflect the proper parties on appeal. Although Pentcheva listed Daniela Georgieva Ivanova as an appellee on the notice of appeal in each case, Ivanova is not a party to either of the orders being appealed.

After the trial court conducted a hearing on Pentcheva's motion for new trial in Cause No. 21-025-A425 on May 28, 2025, the court took the motion under advisement, and the parties agreed to return for a later hearing on any remaining argument for the motion for new trial, as well as on Pentcheva's petition for bill of review and appellee Christopher J. Mundt's plea to the jurisdiction, which were filed in Cause No. 24-2089-C425.  When the court suggested that the parties "[t]ake it up at the same time," referring to all the pending requests for relief in both cases, Pentcheva's counsel responded, "They're all intertwined, yes."

After the second hearing date, the trial court signed separate orders, which are substantively the same, in each case on July 10, 2025.  Both orders conclude that "[o]n August 1, 2022, a final and appealable order was rendered by the Court styled as '*Order Granting Termination*.'"  In addition to finding that the August 1, 2022 termination order is a final and appealable order, the trial court found that both Pentcheva's petition for bill of review and her motion for new trial were "filed after the sixth month after the date the *Order Granting Termination* was signed."  The court further found by clear-and-convincing evidence that both the petition for bill of review and the motion for new trial were without merit and denied each of them.  Each order contains finality language, stating "[t]his order disposes of all parties and all issues presented in this case and is final for purposes of an appeal."  (Formatting altered.)

On its own motion, the Court consolidates for the purpose of hearing and decision the appeal in Docket No. 03-25-00500-CV with the appeal in Docket No. 03-25-00581-CV.  The appellate record is complete in both cases, and the parties have filed briefs in Docket No. 03-25-00500-CV, concerning the trial court's denial of Pentcheva's petition for bill of review.  Accordingly, all records and briefs filed in Docket No. 03-25-00500-CV shall be transferred to Docket No. 03-25-00581-CV.  The briefing deadlines for the parties to address the

trial court's order denying Pentcheva's motion for new trial in Docket No. 03-25-00581-CV remain the same. The consolidated appeal shall proceed under Docket No. 03-25-00581-CV, and Docket No. 03-25-00500-CV is hereby dismissed.

Before Justices Triana, Kelly, and Theofanis

03-25-00500-CV      Dismissed

03-25-00581-CV      Consolidated

Filed:    September 10, 2025